In the Matter of the Judicial Settlement of the Account of Proceedings of LUCIUS H. BEERS and Others, as Executors, etc., of CATHERINE E. S. STUYVESANT, Deceased, Appellants. NATHAN BURKAN and Others, Respondents.*

First Department, May 24, 1929.

*Lucius H. Beers* of counsel [*Allen Evarts Foster*, attorney], for the appellants.

*Nathan Burkan*, special guardian, respondent in person.

*Malcolm G. Spooner* of counsel [*Wolcott P. Robbins* with him on the brief; *King, Lane & Trafford*, attorneys], for the respondent St. Luke's Hospital.

PROSKAUER, J. By her will Catherine E. S. Stuyvesant bequeathed to her uncle, Campbell Steward, or his descendants *per stirpes* if he should not survive a named sister and brother, a part of the corpus of a trust fund created for the lives of the sister and brother. The bequest was of the sum of $250,000 " and also all my right, title and interest in any real estate which shall at the death of the survivor of my sister and brother form a part of either of said trust estates, which interest shall have come to me by inheritance or devise from any member of the White or Banyer families." In this proceeding for the judicial settlement of the accounts of the executors of and trustees under Miss Stuyvesant's will, the special guardian for certain minor children claiming under Campbell Steward raised question as to the construction of this portion of the will. Part of the real estate referred to had already been sold. Part of it remained unsold. The special guardian contended that the proceeds of any such real estate which had been sold or should hereafter be sold should pass under this

---

* Modfg. 132 Misc. 270.

bequest to Campbell Steward or his descendants. The surrogate refused to rule upon this contention upon the ground that contingencies might arise which would make determination of its merits unnecessary. He, nevertheless, directed the executors and trustees to set up a separate fund of the proceeds of any sale of the real estate involved in order that these proceeds might be kept intact and subject to any further decrees of the court. The executors and trustees complain, and in our opinion justly, that this unnecessarily complicates their administration of the estate and that the surrogate should, therefore, have construed the will and determined the question raised.

The language of the will is clear. Campbell Steward or his descendants are entitled only to such portion of the White or Banyer real estate as " shall at the death of the survivor of my sister and brother form a part of either of said trust estates." This particular devise was definitely limited to the real estate itself, and the language used excludes the proceeds of real estate sold by the trustees.

Under the peculiar circumstances of this case the interests of all parties will be best conserved by the entry of a decree construing the will in accordance with this opinion. The decree of the surrogate should be modified in accordance with this opinion, and as so modified affirmed.

Dowling, P. J., Merrell, Finch and McAvoy, JJ., concur.

Decree modified as directed in opinion and as so modified affirmed. Settle order on notice.